Filed 1/27/22  P. v. Acedo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD ACEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B306027<br>(Super. Ct. No. VA069767)<br>(Los Angeles County) |

Richard Acedo appeals a postjudgment order denying his petition to vacate his murder conviction and to be resentenced under Penal Code section 1170.95.[1]  The order was made prior to the Supreme Court's recent decision in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which clarified the rules regarding the adjudication of resentencing petitions under section 1170.95.

At our request, the parties submitted supplemental briefing discussing *Lewis.*  Appellant contends "the matter should be

---

[1] All statutory references are to the Penal Code unless otherwise stated.

remanded for proceedings consistent with section 1170.95, subdivision (c), as interpreted by the Court in [*Lewis*]." The People maintain the trial "court properly denied the petition because the record of conviction unquestionably establishes that appellant is not entitled to relief as a matter of law." We agree with the People.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts is set forth in our prior opinion in this case. (See *People v. Acedo et al.* (Nov. 20, 2007, B189837) [nonpub. opn.].) In short, appellant and a co-defendant were jointly tried before a jury and convicted of multiple crimes arising from a "gangbanging" incident. Appellant was convicted of second degree murder (§§ 187, subd. (a), 189), two counts of attempted premeditated murder (§§ 664, 187, subd. (a)), assault with a firearm (§ 245, subd. (a)(2)), and possession of cocaine (Health & Saf. Code, § 11350, subd. (a)). The jury also found true firearm and gang enhancements that were alleged as to each count. (§§ 186.22, subd. (b), 12022.53, subds. (b)-(e).) The trial court sentenced appellant to a total prison term of 157 years to life. We affirmed the conviction and sentence. (*People v. Acedo et al.*, *supra*, B189837).)

Following the enactment of section 1170.95, appellant filed a pro per petition seeking to vacate his murder conviction and to be resentenced under that section. Appellant alleged he was convicted of "2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine" and requested the appointment of his trial counsel, Victor Salerno.

The trial court summarily denied the petition, finding "[t]he appellate opinion affirming the petitioner's conviction and sentence reflects that the petitioner was convicted of murder on a theory of being a direct perpetrator and not on a theory of felony

2

murder of any degree, or a theory of natural and probable consequences."

## DISCUSSION

The Legislature enacted Senate Bill No. 1437 (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, *supra*, 11 Cal.5th at p. 959.)

*Lewis* noted that SB 1437 changed the substantive law of murder in two respects. (*Lewis*, *supra*, 11 Cal.5th at p. 959.) First, it restricted the felony murder rule by amending section 189. That section now states that a person is liable for murder for a death occurring during the commission of an enumerated felony only if "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e).)

SB 1437 also abolished the natural and probable consequences doctrine in murder cases by adding a limitation to section 188, which defines malice for purposes of murder. Section 188 now provides that, except when the felony murder rule applies, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

3

Section 1170.95 is the procedural mechanism for challenging a murder conviction obtained in contravention of these new principles. Where, as here, the petition for relief complies with the three procedural requirements of section 1170.95, subdivision (b), the trial court must assess whether the petitioner has made "a prima facie showing" for relief. (§ 1170.95, subd. (c).) If such a showing is made, the court must issue an order to show cause and hold a hearing "to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

At the hearing stage, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is . . . ineligible for resentencing." (§ 1170.95, subd. (d)(3); *Lewis*, *supra*, 11 Cal.5th at pp. 959-960.) "[T]he court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law . . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).)

The principal issue in *Lewis* was whether this statutory framework allows trial courts to reject a facially sufficient petition for resentencing based on the record of conviction without appointing counsel for the petitioner. Citing the language and purpose of section 1170.95, *Lewis* held that trial courts may consider the record of conviction in determining whether the petitioner has made a prima facie case for resentencing. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) The court may not do so, however, without appointing counsel and affording counsel an opportunity for briefing. (*Id.* at pp. 961-

4

970.) This latter requirement is not at issue here because appellant was represented by counsel after he filed the petition.

*Lewis* further clarified that the bar for establishing a prima facie case for resentencing is low, and that the trial court's role in determining whether that bar has been cleared is quite limited. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-972.) Although the trial court may consider the underlying record of conviction, it must accept the petitioner's factual allegations as true and find in his or her favor unless the record shows the petitioner is ineligible for relief. (*Ibid.*)

*Lewis* cautioned that while prior appellate opinions are part of the record of conviction, their probative value is "case-specific" and "'might not supply all the answers'" in determining whether a petitioner is eligible for resentencing. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) Only "'if the record, *including the court's own documents*, "contain[s] facts refuting the allegations made in the petition,"'" is the superior court ""'justified in making a credibility determination adverse to the petitioner.'"" (*Id.* at p. 971, italics added.)

Neither the parties nor the trial court had the benefit of these rules when appellant's petition for resentencing was adjudicated. The record reflects that the "petition and file" were forwarded to the trial judge when the case was first assigned by the supervising judge, but there is no evidence that the trial judge considered anything beyond our opinion in *People v. Acedo et al.*, *supra*, B189837. *Lewis* strongly suggests that the appellate opinion alone is insufficient to support a summary denial of the petition. (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972.)

The People point out that the prosecution's opposition to the petition asserted that "[b]ased on the entire record (the court minutes, the opinion of the court of appeals [*sic*], the trial

5

transcript and the jury instructions, defendant Acedo was not convicted of murder under [either of the applicable theories].  The jury received no instructions as to either theory, nor did the prosecution rely on either theory."

The People assume the trial judge considered these documents, particularly the jury instructions, because the case file was forwarded to her when the case was first assigned.  But there is nothing in the record supporting this assumption.  Both the corrected minute order and the amended memorandum of decision reference only "[t]he appellate opinion."

The People ask us to resolve this evidentiary issue by taking judicial notice of our appellate record in *People v. Acedo et al., supra*, B189837.  We deny that request, but find it appropriate to review the superior court's file, which we have received from that court.  On our own motion, we take judicial notice of the portions of the file discussed below.[2]  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

The superior court's file confirms that the jury was instructed as follows:  "[Defendant is accused [in Count 1][3] of having committed the crime of murder, a violation [of section] 187 of the Penal Code.]  [¶] Every person who unlawfully kills a

---

[2] As required by Evidence Code section 455, subdivision (a), we have advised the parties of our intent to take judicial notice of the superior court documents referenced in this opinion, copies of which were provided to counsel, and have given them a reasonable opportunity "to present to the court information relevant to (1) the propriety of taking judicial notice of the matter and (2) the tenor of the matter to be noticed."  Neither party submitted a response.

[3] The jury instructions contain some superfluous brackets, which we have included for the sake of accuracy.

6

[human being with malice aforethought] is guilty of the crime of murder . . . . [¶] [A killing is unlawful, if it [was] [neither] [justifiable] [nor] excusable]. [¶] In order to prove this crime, each of the following elements must be proved: [¶] [1. A human being was killed;] [¶] 2. The killing was unlawful; and [¶] 3. The killing [was done with malice aforethought.]" (See CALJIC 8.10.) The jury also was instructed that "[[m]alice is express when there is manifested an intention unlawfully to kill a human being.] [¶] [When it is shown that a killing resulted from the intentional doing of an act with express . . . malice, no other mental state need be shown to establish the mental state of malice aforethought.]" (See CALJIC 8.11.)

The jury was further instructed, in part, that "[a]ll murder which is perpetrated by any kind of willful, deliberate and premeditated killing with express malice aforethought is murder of the first degree." (See CALJIC 8.20.) "Murder of the second degree is . . . the unlawful killing of a human being with malice aforethought when the perpetrator intended unlawfully to kill a human being but the evidence is insufficient to prove deliberation and premeditation." (See CALJIC 8.30.)

The jury convicted appellant of second degree murder. It found true the allegation that "[appellant] personally and intentionally discharged a firearm, a handgun, within the meaning of Section 12022.53(c) . . . ." The jury found that the victim, who was shot seven times, was actually killed by a shot from a co-defendant's firearm.

The jury instructions and verdict demonstrate that appellant was not convicted of felony murder or murder under the natural and probable consequences doctrine. The jury was instructed on first degree premeditated murder (CALJIC 8.20) and second degree express malice murder (CALJIC 8.30). The

7

jury never received instructions on felony murder, aiding and abetting or any target crime upon which murder on a natural and probable consequences theory could be predicated (see CALCRIM 403). It necessarily follows that the jury could not have convicted appellant based upon theory which was neither argued nor for which it received any instructions.

A petitioner is ineligible for resentencing as a matter of law if the prosecution proves the petitioner "was guilty of murder under a theory still valid under California law." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 816 (*Duchine*).) A valid theory of murder requires express or implied malice. (§ 188, subd. (b).) Because appellant was convicted on an express malice theory of murder which survived SB 1437's revisions to sections 188 and 189, he is ineligible for resentencing as a matter of law. (§ 1170.95, subd. (a)(3); *Duchine*, at p. 816.) The trial court did not err by denying his petition.

## DISPOSITION

The order denying appellant's section 1170.95 petition is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.            YEGAN, J.

8

Yvonne T. Sanchez, Judge
Superior Court County of Los Angeles

_____

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.